**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 5:04CR0326** |
| ) | |
| **PLAINTIFF,** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **v.** ) | |
| ) | |
| ) | **MEMORANDUM OPINION** |
| **GARY L. LACY,** ) | **AND ORDER** |
| ) | |
| **DEFENDANT.** ) | |

This matter is before the Court upon Defendant, Gary Lacy's *pro se* "Motion for Relief from Judgment or Order." (Dkt. # 45).

On June 23, 2004, a federal grand jury indicted Defendant, Gary L. Lacy, ("Defendant") for violations of Title 18 U.S.C. § 2113(a), Bank Robbery by Force or Violence, and 18 U.S.C. § 2, Aiding and Abetting. (Dkt. # 1). Defendant entered a plea of Not Guilty to the charged offenses at his arraignment before United States Magistrate Judge James S. Gallas on June 30, 2004. (Dkt. # 8). Following plea negotiations between Assistant United States Attorney Thomas Bauer and Defendant's defense counsel at that time, Assistant Federal Public Defender Jacqueline A. Johnson, the Government filed a superceding information that in effect dismissed the Bank Robbery charges against the Defendant and reduced Defendant's charge to Accessory after the Fact, a violation of 18 U.S.C. § 3. Count I of the superceding information charged:

> On or about April 15, 2004, in the Northern District of Ohio, Eastern Division, the defendant, GARY L. LACY, knowing that an offense against the United States had been committed, to wit, bank robbery of the Killbuck Savings Bank, Mount Hope Village Branch, 8115 State Route 241, Millersburg, Ohio, did receive, relieve, comfort, and assist the offender, Joshua S. Hamilton, in order to hinder and prevent the offender's apprehension, trial and punishment, all in violation of Title 18, United States Code, Section 3.

(Dkt. # 18).

Defendant, accompanied by Assistant Federal Public Defender Jacqueline Johnson, appeared before this Court for an arraignment and plea hearing on October 14, 2004. (Dkt. #17). The Court engaged Defendant in the plea colloquy required by Rule 11 of the Federal Rules of Criminal Procedure, during which Defendant indicated to the Court that he had reviewed the Government's superceding information with counsel. (Dkt. # 37 at 4-5, Transcript of Arraignment and Plea Proceedings). Following a thorough review of the factual basis for the plea and Defendant's express admission of such conduct, the Court accepted Defendant's guilty plea and scheduled the matter for sentencing on February 3, 2005. (Dkt. # 37). At his sentencing hearing, however, Defendant informed the Court that he wished to withdraw his guilty plea and requested new counsel. (Dkt. # 39). The Court granted Defendant's request for new counsel and appointed Attorney Neal Atway. (Dkt. # 39).

On May 24, 2005, Defendant, through Attorney Neal Atway, filed a "Motion to Withdraw Plea of Guilty." (Dkt. # 26). This Court denied Defendant's motion on May 26, 2005. (Dkt. # 27). Thereafter, on May 26, 2005, Defendant pleaded guilty to Count I of the superceding information. On that same date, the Court sentenced Defendant to, *inter alia*, 39 months imprisonment with three years of supervised release. (Dkt. #s 28, 29).

Defendant filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit. (Dkt. # 30). On October 11, 2005, the Sixth Circuit granted Defendant's motion to voluntarily dismiss his appeal. (Dkt. # 35).

On October 6, 2005, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Dkt. # 34; Civil Action 5:05cv2362). In his motion, Defendant argued that his first defense counsel, Assistant Federal Public Defender Jacqueline Johnson, ineffectively represented him by failing to challenge the sufficiency of the Government's evidence against Defendant. (Dkt. # 34). Defendant further contended that his second defense counsel, Attorney Neal Atway, acted ineffectively by failing to raise "that former counsel . . . failed to challenge the prosecution's evidence," for failing to "challenge the evidence," and for failing to raise "the issue that [Defendant's] rights were violated when this Court granted Mrs. Johnson's request to withdraw from any further representation due to conflict of interest." (Dkt. # 34). This Court denied Defendant's section 2255 motion by an order dated April 7, 2006. (Dkt. #s 42, 43).

Defendant filed the present motion pursuant to Fed. R. Civ. P. 60(b) on October 26, 2006.[1] (Dkt. # 45). In said motion, Defendant essentially attempts to assert two new

---

[1] Rule 60(b) provides: On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b) (2005).

-3-

violations which purportedly occurred during his criminal proceeding. (Dkt. # 45). He primarily contends that the Government perpetrated a fraud upon the Court in issuing a superceding information. Specifically, Defendant alleges:

1. Assistant U.S. Attorney has filed a fraudulent document in this case, a Superceding Indictment that has no legal basis, nor is it required by any procedure, it has been fabricated;

 \* \* \*

2. Assistant U.S. Attorney has misrepresented the truth as to the punishment that is not required by Statute as to 18 U.S.C. § 3, he has committed perjury; see page 1 and 2, paragraph 1. Where it states in pertinent part, in the Plea Agreement;

   'Defendant understands that for this offense, a violation of Title 18, United States Code, Section 3, the maximum possible penalty is 10 years imprisonment, a fine of $125,000 or both, a $100.00 special assesment, [sic] and a maximum period of 3 years supervised release to follow any period of incarceration.

(Dkt. # 45).

As a preliminary matter, this Court notes that Fed. R. Civ. P. 60(b) does not apply in criminal proceedings. See United States v. Fair, 326 F.3d 1317, 1318 (11th Cir.2003). However, a Rule 60(b) motion may be used as a means for relief from the denial of a section 2255 motion, but only when it pertains to issues that were addressed and decided in the section 2255 case. See McQueen v. Scroggy, 99 F.3d 1302, 1334-35 (6th Cir.1996). Defendant's present Rule 60(b) motion does not present any clear challenge to this Court's analysis in dismissing his section 2255 motion. Therefore, as Rule 60(b) is inapplicable to Defendant's criminal matter, and as Defendant presents new issues in his motion, this Court shall construe Defendant's Rule 60(b) motion as a second or successive motion to vacate

-4-

his sentence under section 2255. See 28 U.S.C. § 2244; In re Sims, 111 F.3d 45, 47 (6th Cir.1997).

Furthermore, the Sixth Circuit has stated that "[w]hen a petitioner raises new claims in a Rule 60(b) motion challenging the denial of a section 2255 motion, the Rule 60(b) motion must be construed as an attempt by the petitioner to file a second motion to vacate." Homrich v. United States, 205 F.3d 1340, 1999 WL 1206903, **2-3 (6th Cir. 1999). Pursuant to 28 U.S.C. § 2244(b)(3)(A), a federal prisoner may not file a second or successive motion to vacate his sentence until the Court of Appeals issues an order that authorizes the district court to consider the second motion.

Accordingly, pursuant to In re Sims, 111 F.3d 45 (6th Cir. 1997), this action is hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for an initial determination as to whether Defendant should be permitted to file such a motion.

**IT IS SO ORDERED.**

                                                **/s/** *Peter C. Economus* **- December 15, 2006**
                                                **PETER C. ECONOMUS**
                                                **UNITED STATES DISTRICT JUDGE**